IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARON FULGENZI,

        Plaintiff,

vs.                                               No. CIV 12-1261 RB/RHS

MICHAEL SMITH, individually and as
Defendant Class Representative for a
Defendant Class of Insurance Agents
Licensed to Sell Automotive Liability
Insurance in New Mexico for, and on
behalf of, FARMERS GROUP, INC.,
dba FARMERS INSURANCE COMPANY
OF ARIZONA,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Plaintiff's Motion to Remand to State Court for Lack of Federal Jurisdiction (Doc. 24) and Defendants' Request for Oral Argument (Doc. 30). Jurisdiction arises under 28 U.S.C. § 1332(d). Having reviewed the record and the relevant law, and being otherwise fully advised, the Court finds that oral argument is unnecessary and Plaintiff's Motion should be denied.

**I.    Background**

Plaintiff filed a Class Complaint for Statutory Damages Under the New Mexico Unfair Trade Practices Act for Unfair, Deceptive or Unconscionable Trade Practices Committed in Connection with the Sale of Uninsured and Underinsured Motorist Coverages in the First Judicial District, County of Santa Fe, State of New Mexico. (Doc. 1-1). Plaintiff, a New Mexico citizen, brings suit on behalf of himself and as Class Representative on behalf of all similarly situated New

Mexico residents and policyholders of Defendant Farmers Insurance Group, Inc. ("Farmers"). (*Id.*)  Farmers is a Nevada stock corporation with its principal place of business in California. (Doc. 9).

Plaintiff alleges that Defendant Farmers promulgated uninsured and underinsured motorist coverage selection or rejection forms ("UM Selection/Rejection Forms") that are invalid under New Mexico law because the forms do not provide the necessary information to allow policyholders to decide whether to reject UM coverage as required by *Montano v. Allstate Indem. Co.*, 135 N.M. 681, 92 P.3d 1255 (N.M. 2004) and *Jordan v. Allstate*, 149 N.M. 162, 245 P.3d 1214 (N.M. 2010).  (Doc. 1-1).  Plaintiff alleges that Defendant Smith and a proposed Defendant Class of insurance agents used the forms to sell Farmers automobile insurance to Plaintiff and the proposed Plaintiff Class.  (*Id.*)

Plaintiff seeks $100 in damages for each of the alleged 75,000-100,000 proposed Plaintiff Class Members, a declaration that the UM Selection/Rejection Forms are unenforceable, and an award of damages under the New Mexico Unfair Trade Practices Act for each of the proposed Plaintiff Class Members who received the forms and selected UM coverage in an amount less than the maximum allowable.  (*Id.*)

On December 5, 2012, Farmers removed the case to this court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).  *See* 28 U.S.C. § 1453 (providing for removal of actions under CAFA).  Plaintiff filed a motion to remand, arguing that CAFA's home-state exception bars jurisdiction. 28 U.S.C. § 1332(d)(4)(B).

**II.     Standard**

When a case is removed from state court, the party requesting removal bears the burden to

establish that all jurisdictional requirements are satisfied. *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) (quotation omitted). However, once jurisdiction is established, the party claiming an exception to jurisdiction bears the burden of demonstrating that the exception applies by a preponderance of the evidence. *See Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1242-1243 (10th Cir. 2009).

### III. Discussion

CAFA vests federal courts with jurisdiction over civil class action suits in which (1) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, (2) there is minimal diversity, such as when any member of the plaintiff class is a citizen of a different state from any defendant, and (3) the proposed class includes at least 100 members. 28 U.S.C. § 1332(d). Defendants have met their burden at the removal stage by showing that the amount in controversy exceeds $5,000,000, minimal diversity exists, and the proposed plaintiff class totals at least 100 persons. CAFA was enacted in response to "perceived abusive practices by plaintiffs and their attorneys in litigating major class actions with interstate features in state courts." *Coffey*, 581 F.3d at 1243.

Plaintiff asserts that this matter must be remanded based on CAFA's home-state exception. *See* 28 U.S.C. § 1332(d)(4)(B). The home-state exception prevents a federal district court from exercising subject matter jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id.* Plaintiff has the burden to establish that the home-state exception applies by a preponderance of the evidence. *In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010) ("Once Sprint Nextel established that CAFA jurisdiction exists, the burden fell

3

on the plaintiffs, who were seeking remand, to show that the home-state exception applies.").

Plaintiff contends that Defendant Smith and the proposed Defendant Class of insurance agents are the primary defendants and not Farmers. The term "primary defendants" means that more than one or all defendants may qualify as primary defendants. *Meiman v. Kenton Cnty*, No. CIV 10-156-DLB, 2011 WL 350465, at *8 (E.D. Ky. Feb 2, 2011); *Robinson v. Cheetah Transp.*, No. CIV 06-0005, 2006 WL 3322580, at *3 (W.D. La. Nov. 14, 2006); *Harrington v. Mattel*, No. C07-05110 MJJ, 2007 WL 4556920, at *5 (N.D. Cal. Dec. 20, 2007). Thus, the status of Defendant Smith and the proposed Defendant Class as primary defendants is irrelevant to the question of whether Farmers is a primary defendant because Farmers may qualify as a primary defendant regardless of the status of the insurance agents.

Plaintiff contends that Farmers is not a primary defendant because Defendant Smith and the proposed Defendant Class communicated directly with Plaintiff and the proposed Plaintiff Class. A defendant who faces only derivative liability may qualify as a primary defendant. *Moua v. Jani-King of Minn., Inc.*, 613 F. Supp. 2d 1103, 1108 n. 4 (D. Minn. 2009); *Villalpando v. Exel Direct Inc.*, No. C-12-04137 JCS, 2012 WL 5464620, at *9 (N.D. Cal. Nov. 12, 2012); *Nicholson v. Prime Tanning Corp.*, No. 09-6083-CV-SJ-GAF, 2009 WL 2900042, at *2 (W.D. Mo. Sept. 3, 2009); *Kearns v. Ford Motor Co.*, No. CV 05-5644 GAF(JTLX), 2005 WL 3967998, at *7-8 (C.D. Cal. Nov. 21, 2005). However, the Complaint not only alleges derivative liability against Farmers; it also alleges direct liability against Farmers. The fact that Defendant Smith and the proposed Defendant Class communicated directly with Plaintiff and the proposed Plaintiff Class does not negate Farmer's status as a primary defendant.

Courts have discussed several factors when applying the home-state exception, including

(1) what defendant has greater liability exposure; (2) what defendant is most able to satisfy a potential judgment; (3) what defendant is the subject of a significant portion of the asserted claims; (4) what defendant is sued directly, as opposed to vicariously, or for indemnification or contribution; or (5) whether a defendant is the only defendant named in one particular cause of action. *See Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, LLC*, No. 2:10-cv-00510-GMN-LRL, 2011 WL 941079, at *3 (D. Nev. Mar. 16, 2011) (denying remand and holding that all of these factors are relevant to determine whether a defendant is a primary defendant); *Kendrick v. Standard Fire Ins. Co.*, No. CIV 06-141-DLB, 2007 WL 1035018, at *5 (E.D. Ky. Mar. 31, 2007) (finding out-of-state defendant was a primary defendant because it was liable to the vast majority of class members); *Brook v. UnitedHealth Grp. Inc.*, No. 06 CV 12954(GBD), 2007 WL 2827808, at *5 (S.D. N.Y. Sept. 27, 2007) (finding all of the defendants to be primary defendants).

These holdings are consistent with CAFA's legislative history, which explains that the term "primary defendants" is intended to reach:

> [T]hose defendants who are the real 'targets' of the lawsuit-i.e., the defendants that would be expected to incur most of the loss if liability is found. Thus, the term 'primary defendants' should include any person who has substantial exposure to significant portions of the proposed class in the action, particularly any defendant that is allegedly liable to the vast majority of the members of the proposed classes (as opposed to simply a few individual class members).

S. Rep. No. 109-14, at 43-4 (2005). Although the Committee Report may not be entitled to great weight in discerning legislative intent because it was issued after the enactment of CAFA, it gives useful guidance.

Based on these authorities, the Court concludes that a defendant may be considered a

primary defendant for purpose of CAFA if, based on the allegations in the complaint, it has substantial exposure to the proposed class in the action, or is allegedly liable to the majority of the members of the proposed classes.  Plaintiff's claims relate to the UM Selection/Rejection Forms allegedly promulgated by Farmers.  Therefore, Farmers qualifies as a primary defendant for purposes of CAFA.  Because Farmers is not a citizen of New Mexico, Plaintiff has not established a prerequisite of the home-state exception.

Additionally, the home-state exception requires a plaintiff to establish by a preponderance of the evidence that two-thirds of their proposed class members were citizens of New Mexico. *See* 28 U.S.C. § 1332(d)(4)(B).  Plaintiff relies on his definition of the proposed class as policyholders who are New Mexico residents to satisfy this requirement.  The Tenth Circuit has concluded that "allegation of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).  Moreover, the class definition itself is insufficient to allow the court to draw conclusions about the citizenship of class members.  *Sprint Nextel Corp.*, 593 F.3d at 673-74 (stating that "a court may not draw conclusions about the citizenship of class members based on things like their phone numbers and mailing addresses").  Plaintiff has not satisfied his burden to establish that at least two-thirds of the proposed Plaintiff Class Members are New Mexico citizens by relying on his definition of that class.  Similarly, Plaintiff has not shown that the proposed Defendant Class of insurance agents, who Plaintiff argues are primary defendants, are citizens of New Mexico as required to satisfy the home-state exception. 28 U.S.C. §1332(d)(4)(B).  For all of these reasons, the home-state exception does not apply.

**THEREFORE,**

**IT IS ORDERED** that Defendant's request for oral argument is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand to State Court for Lack of Federal Jurisdiction (Doc. 24) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**