IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARON FULGENZI,

      Plaintiff,

vs.   No. 1:12-cv-1261 RB/RHS

MICHAEL SMITH, individually and as
Defendant Class Representative for a
Defendant Class of Insurance Agents
Licensed to Sell Automotive Liability
Insurance in New Mexico for, and on
behalf of, FARMERS GROUP, INC.,
dba FARMERS INSURANCE COMPANY
OF ARIZONA,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Defendants' Motion to Dismiss with Prejudice (Doc. 40) and Plaintiff's Motion to Dismiss (Doc. 47). Jurisdiction arises under 28 U.S.C. § 1332(d). Having reviewed the record and the relevant law, and being otherwise fully advised, the Court finds that Defendants' motion should be granted and Plaintiff's motion should be denied.

**I.   Background**

Plaintiff Fulgenzi alleges that Defendants promulgated uninsured and underinsured ("UM/UIM") motorist coverage forms that are legally invalid because the forms do not provide the necessary information to allow policyholders to decide whether to reject UM/UIM coverage as required by New Mexico law. (Doc. 1-1.) The plaintiffs in *Stanforth, et al. v. Farmers Insurance Company of Arizona, et al.*, No. 1:09-cv-1146 RB/RHS ("Stanforth")

alleged materially identical claims based on the same predicate facts. (Stanforth Docs. 130 and 146.) The parties in Stanforth reached a class action settlement which this Court approved. (Stanforth Doc. 208.)

In their Motion to Dismiss with Prejudice, Defendants contend that Plaintiff is bound by the Stanforth settlement and his claims have been released and dismissed with prejudice. Plaintiff responds that this Court must decline to exercise jurisdiction because the local controversy exception to the Class Action Fairness Act ("CAFA") applies. Plaintiff's Motion to Dismiss centers on the same local controversy exception. Defendants maintain that the local controversy exception is inapplicable.

## II.     Discussion

### A.     Plaintiff is bound by the Stanforth settlement

Plaintiff's claims against Defendants were released in the Stanforth class action settlement. (Stanforth Doc. 208.) Plaintiff received notice of the settlement and did not opt out. Rather, Plaintiff filed a Motion for Withdrawal of Order of Preliminary Approval of Stanforth Class Settlement (Stanforth Doc. 142), Motion to Certify Issue to New Mexico Supreme Court (Stanforth Doc. 145), Emergency Motion to Compel Deposition of Plaintiff's Counsel (Stanforth Doc. 163), and Objections to the Final Approval of the Stanforth Class Settlement Agreement (Stanforth Doc. 176). The Court rejected all of Plaintiff's arguments and held a final approval hearing on the Stanforth class action settlement on June 6, 2014. (Stanforth Docs. 146, 147, 175, 200, and 208.)

On June 25, 2014, the Court issued a Final Order Approving Settlement and Judgment dismissing *Stanforth, et al. v. Farmers Insurance Company of Arizona, et al.*, No.

1:09-cv-1146 RB/RHS with prejudice. (Stanforth Doc. 208.) In the Final Order Approving Settlement and Judgment, the Court concluded that "the Settlement and the Released Claims and Released Parties encompass the parties and putative class claims asserted in the *Fulgenzi* suit, and that the [Stanforth] Lawsuit and the *Fulgenzi* suit are based upon and arise from essentially the same alleged set of facts, notwithstanding any asserted differences in the causes of action pleaded." (*Id.*) "Further, if the *Fulgenzi* suit is pending before this Court at the time of entry of this Judgment, the Court hereby orders (and will issue an equivalent order in the *Fulgenzi* suit's docket) the *Fulgenzi* suit dismissed with prejudice, other than to the extent that such suit may be pursued by those Persons who have elected to opt out of this Settlement." (*Id.*) In that the Court dismissed Plaintiff's claims with prejudice pursuant to the plain terms of the Final Order Approving Settlement and Judgment in Stanforth, Defendant's Motion to Dismiss with Prejudice will be granted.

### B.     Plaintiff waived any challenge based on the local controversy exception

Plaintiff contends that the Court should dismiss this matter without prejudice or remand it to state court for lack of jurisdiction. The Court's jurisdiction arises under 28 U.S.C. § 1332(d), more commonly known as the Class Action Fairness Act ("CAFA"). Congress enacted CAFA to "respond to perceived abusive practices by plaintiffs and their attorneys in litigating major class actions with interstate features in state courts." *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009) (per curiam). "In enacting CAFA, Congress intended to 'expand substantially federal court jurisdiction over class actions.'" *Woods v. Standard Ins. Co.*, ___ F.3d ___, No. 13-2160, 2014 WL 5822659, at *3 (10th Cir. Nov. 10, 2014) (quoting S.Rep. No. 109-14, at 43 (2005)). Thus, "its provisions

should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.*

CAFA vests federal courts with jurisdiction over civil class action suits in which (1) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, (2) there is minimal diversity, such as when any member of the plaintiff class is a citizen of a different state from any defendant, and (3) the proposed class includes at least 100 members. 28 U.S.C. § 1332(d). Defendants met their burden to establish jurisdiction at the removal stage by showing that the amount in controversy exceeds $5,000,000, minimal diversity exists, and the proposed plaintiff class totals at least 100 persons. Undoubtedly, the Court has jurisdiction pursuant to CAFA.

Defendants established federal jurisdiction when this action was removed on December 5, 2012. (Doc. 1.) On January 4, 2013, Plaintiff filed a Motion to Remand to State Court for Lack of Federal Jurisdiction based on the home state exception to CAFA. (Doc. 24.) The home state exception to CAFA prevents a federal district court from exercising subject matter jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The home state exception is distinct from the local controversy exception, which requires federal courts to decline jurisdiction where, among other things, there is a local defendant whose alleged conduct forms a significant basis for the claims asserted by plaintiffs and from whom plaintiffs seek significant relief. *See* 28 U.S.C. 1332(d)(4)(A).

Plaintiff's first motion to remand contained twenty-nine pages and did not address the

local controversy exception other than stating in the prayer for relief: "For this Court's Order, in the exercise of its discretion, remanding this cause to State Court under the Local Controversy Exception[.]" (Doc. 24 at 27.) No other mention was made of the local controversy exception in Plaintiffs' first motion to remand. On July 2, 2013, the Court determined that the home state exception did not apply and denied the motion to remand. (Doc. 31). Plaintiff took no further action to raise the local controversy exception. Indeed, Plaintiff filed nothing further in this matter until he objected to the Stanforth class action settlement on May 28, 2014. (Doc. 38.)

    Notwithstanding the fact that this matter was removed and jurisdiction was established on December 5, 2012, Plaintiff belatedly contends that the local controversy exception to CAFA deprives this Court of jurisdiction. It bears underscoring that the local controversy exception is not jurisdictional and the application of the exception is waived by a failure to raise it in a timely manner. *See, e.g.*, *Blockbuster, Inc. v. Galeno*, 472 F.3d 53 (2d Cir. 2006) (declining to address whether the local controversy exception applies because it was not raised by the parties); *Braud v. Transp. Serv. Co.*, 445 F.3d 801, 809 n. 17 (5th Cir. 2006) (finding plaintiffs had waived any argument that the local controversy exception applied by not raising it on appeal); *Calingo v. Meridian Res. Co., LLC*, No. 7:11-cv-628 (VB), 2011 WL 3611319, at *3-6 (S.D.N.Y. Aug. 16, 2011) (holding that plaintiffs waived the local controversy exception by filing a motion to remand eighty-seven days after removal); *see also Graphic Commc'ns Local 1B v. CVS Caremark Corp.*, 636 F.3d 971, 976 (8th Cir. 2011) (remanding case to district court to determine whether the plaintiffs had waited too long to raise the local controversy exception). A review of these cases leads to the conclusion that courts require

plaintiffs to raise CAFA exceptions within a reasonable time following removal. Where the potential basis for remand is generally apparent at the time of removal, courts have construed the reasonable time limitation to be significantly shorter. *See Graphic Commc'ns*, 636 F.3d at 976.

Plaintiff was aware of the potential application of the local controversy exception when he filed his first motion to remand on January 4, 2013. Plaintiff elected not to assert the local controversy exception as a basis for remand until after a related class action had settled and after Plaintiff's claims were released. Plaintiff offers no justification for the nineteen-month delay. Under these circumstances, Plaintiff waived the application of the local controversy exception by failing to raise it in a timely manner.

**C.     The local controversy exception is inapplicable**

Even if Plaintiff had not waived the issue, Plaintiff has failed to establish that the local controversy exception applies. A plaintiff seeking remand has the burden to demonstrate the applicability of the local controversy exception. *See Woods*, 2014 WL 5822659, at *3; *Coffey*, 581 F.3d at 1243. The exception is intended to exempt from CAFA jurisdiction "those cases consisting of primarily local, intrastate matters." *Coffey*, 581 F.3d at 1243.

Specifically, the local controversy exception states that a district court shall decline to exercise jurisdiction over a class action in which -

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant -
>     (aa) from whom significant relief is sought by members of the plaintiff class;
>     (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

>    (cc) who is a citizen of the State in which the action was originally filed; and
>
>    (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed[.]

28 U.S.C. § 1332(d)(4)(A)(i). A plaintiff must also show that, during the three years preceding the filing of the class action, no other class action was filed asserting the same or similar allegations against any of the defendants. *See* 28 U.S.C. § 1332(d)(4)(A)(ii). The plaintiff must establish all of the requirements in order for the exception to apply. *See* 28 U.S.C. § 1332(d)(4)(A). Moreover, the Tenth Circuit interprets the local controversy exception "strictly so that plaintiffs and their attorneys may not defeat CAFA jurisdiction by routinely naming at least one state citizen as a defendant." *Woods*, 2014 WL 5822659, at *7 (*citing* S. Rep. No. 109-14 at 42 (2005) (stating that Congress intended the local controversy exception to be "narrow," with all doubts resolved "in favor of exercising jurisdiction over the case.")).

Plaintiff contends that the local controversy exception applies because the Complaint states that "100% of the Plaintiff Class Members" are New Mexico citizens, documents filed by Defendants prove that more than two-thirds of the proposed plaintiff class members are New Mexico citizens and "100% of the Defendant Class Members are also New Mexico citizens." (Doc. 47 at 4-9.) Plaintiff also asserts that the principal injuries occurred in New Mexico. (Doc. 47 at 12-13.) These arguments fail because Plaintiff has not established the "significant relief" requirement, the "significant basis" requirement, or the "no other class action" requirement of the local controversy exception. *See* 28 U.S.C. § 1332(d)(4)(A) (stating that the plaintiff must establish all of the requirements in order for the exception to apply).

First, Plaintiff has not satisfied the "significant relief" requirement of the local

controversy exception. The "significant relief" component requires a party challenging CAFA jurisdiction based on the local controversy exception to prove, *inter alia*, that at least one local defendant is a defendant "from whom significant relief is sought by members of the plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa). The Tenth Circuit has held that the "significant relief" requirement of the exception is satisfied where the complaint "claims that every potential plaintiff is entitled to recover from [the local defendant] and the proposed class seeks to recover damages from all defendants jointly and severally." *Coffey*, 581 F.3d at 1244. The definition of "class" for CAFA purposes is "all of the class members in a class action." 28 U.S.C. 1332 (d)(1)(A). A district court should focus on the complaint when addressing the "significant relief" requirement. *Coffey*, 581 F.3d at 1245. Thus, to determine whether the plaintiff class seeks "significant relief" from a local defendant, the Court must look to the claims against the local defendant in relation to the total claims against all defendants by members of all classes.

    Notably, the only New Mexico Defendant identified in the Complaint is Michael Smith, a local insurance agent. (Doc. 1-1.) The only other Defendant identified in the Complaint is Farmers Group, Inc., dba Farmers Insurance Company of Arizona. The Complaint describes a putative defendant class of "300+" New Mexico insurance agents who used the UM Selection/Rejection Forms to sell Farmers insurance. No class was ever certified in this matter. Because a defendant class was never certified, Michael Smith is the only local defendant that the Court may consider. *See Quicken Loans v. Alig*, 737 F.3d 960, 965 (4th Cir. 2013) (holding that unidentified members of an uncertified class could not be considered in deciding whether plaintiffs had satisfied the "significant relief" or "significant basis"

requirements of the local controversy exception).

As only one of many Farmers Insurance agents in New Mexico, Michael Smith dealt with Plaintiff and only a small segment of the putative plaintiff class. The Tenth Circuit recently explained that, in order for the local controversy exception to apply, "[t]he defendant must be a target from whom significant relief is sought by the class (as opposed to just a subset of the class membership), as well as being a defendant whose alleged conduct forms a significant basis for the claims asserted by the class." *Woods*, 2014 WL 5822659, at *7 (*citing* S. Rep. No. 109-14 at 42). The panel in *Woods* found the following passage from the legislative history to be particularly compelling: "[I]n a consumer fraud case alleging that an insurance company incorporated and based in another state misrepresented its policies, *a local agent of the company named as a defendant presumably would not fit this criteria.* He or she probably would have had contact with only some of the purported class members and thus would not be a person from whom significant relief would be sought by the plaintiff class viewed as a whole." *Woods*, 2014 WL 5822659, at *7 (*quoting* S. Rep. No. 109-14 at 38)(emphasis supplied). The same reasoning applies here. Plaintiff has not demonstrated how the proposed plaintiff class seeks "significant relief" from Defendant Smith in comparison to the total relief sought against all Defendants. For this reason, Plaintiff has failed to establish the "significant relief" requirement of the local controversy exception.

Second, Plaintiff has not satisfied the "significant basis" requirement of the local controversy exception. The "significant basis" element requires a party challenging CAFA jurisdiction based on the local controversy exception to prove, *inter alia*, that at least one local defendant is a defendant "whose alleged conduct forms a significant basis for the claims

asserted by the proposed plaintiff class" 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). The significant basis requirement "relates the alleged conduct of the local defendant, on one hand, to all the claims asserted in the action, on the other." *Kaufman v. Allstate N.J. Ins. Co.,* 561 F.3d 144, 156 (3d Cir. 2009). "The provision does not require that the local defendant's alleged conduct form a basis of each claim asserted; it requires the alleged conduct to form a significant basis of all the claims asserted." *Id*. Where the complaint contains no information about the local defendant's conduct relative to the other defendants' conduct, the plaintiff fails to meet the requirement. *See Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.*, 655 F.3d 358 (5th Cir. 2011). Because Plaintiff's Complaint contains no information about the conduct of Defendant Smith relative to the other Defendants as the conduct relates to the claims of the putative class, Plaintiff has failed to satisfy the "significant basis" requirement of the local controversy exception.

The third requirement that Plaintiff failed to satisfy is the "no other class action" requirement contained in 28 U.S.C. § 1332(d)(4)(A)(ii). This provision requires a plaintiff to show that, during the three years preceding the filing of the class action, no other class action was filed asserting the same or similar allegations against any of the defendants. *See* 28 U.S.C. § 1332(d)(4)(A)(ii). This component of the local controversy exception focuses on whether similar factual allegations have been made against the defendant in multiple class actions rather than the plaintiff's characterization of causes of action. *Coffey*, 581 F.3d at 1243. The Court has determined that the Stanforth lawsuit and the instant matter are based on the same operative facts. (Stanforth Docs. 31, 36, 146, and 208.)

Plaintiff contends that this provision is satisfied because Stanforth was filed on July 29,

2009, and this matter was filed more than three years later on October 12, 2012. In making this argument, Plaintiff ignores the fact that the Stanforth class action was pending at the time this matter was filed. It is material that Congress found that when a "controversy results in the filing of multiple class actions, it is a strong signal that those cases may not be of the variety that [the local controversy] exception is intended to address." S.Rep. No. 109–14, at 40–41, 2005 U.S.C.C.A.N. at 39; *see also* Class Action Fairness Act of 2005, Pub.L. No. 109–2, § 2(b)(2), 119 Stat. 4. Consistent with this finding, the "no other class action" factor must not be read too narrowly. *Vodenichar v. Halcon Energy Properties, Inc.,* 733 F.3d 497, 509 (3d Cir. 2013).

The relevant "inquiry is whether similar factual allegations have been made against the defendant in multiple class actions." *Id.* (citations omitted). As the Stanforth matter was pending at the time Plaintiff filed this action, Plaintiff has not shown that, during the three years preceding the filing of the class action, no other class action was filed asserting the same or similar allegations against any of the defendants. *See* 28 U.S.C. § 1332(d)(4)(A)(ii). For all of these reasons, the local controversy exception does not apply.

### III. Conclusion

Plaintiff's claims have been dismissed with prejudice pursuant to the Stanforth settlement and the local controversy exception is inapplicable. Plaintiff waived any challenge based on the local controversy exception. Even if Plaintiff had not waived any challenge based on the local controversy exception, Plaintiff has not established the "significant relief" requirement, the "significant basis" requirement, or the "no other class action" requirement of the local controversy exception.

THEREFORE,

**IT IS ORDERED** that Defendants' Motion to Dismiss with Prejudice (Doc. 40) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss (Doc. 47) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is dismissed with prejudice.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**